UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12070-RWZ

JWAINUS PERRY

v.

LUIS S. SPENCER, et al.

ORDER

March 1, 2013

ZOBEL, D.J.

    1.    The motion to amend (#10) is granted. At this point in the litigation, the plaintiff may amend the complaint once as a matter of right. See Fed. R. Civ. 15(a)(1). The Clerk shall docket the amended complaint. The Court notes, however, that Perry did not include any exhibits with the proposed amended complaint. Perry shall, without delay, submit exhibits to the amended complaint or notify the Court that exhibits to the amended complaints are those that were included with the original complaint.

    2.    The motion for appointment of counsel (#11) is denied without prejudice to renewal after the defendants have been served with and responded to the amended complaint.

    Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel. To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers, 949 F.2d at 23. To determine

whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.  Because the defendants have not responded to or even have been served with the amended complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.

3.  The plaintiff shall have 120 days from the date of this Order to complete service of the summonses (which issued on February 7, 2013), the amended complaint (with appropriate exhibits), and this Order upon the defendants.  The Court notes that, because the plaintiff is not proceeding in forma pauperis, he is not entitled to have the United States Marshal complete service at the government's expense.  However, the plaintiff may ask the defendants to waive service of summons.  See Fed. R. Civ. P. 4(d).

4.  The defendants are required to respond to the complaint.  See 42 U.S.C. § 1997e(g)(2).

SO ORDERED.

    /s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE