**PRISONERS' LEGAL SERVICES**[*]
8 WINTER STREET, BOSTON, MA 02108-4705

617-482-2773; WATS 800-882-1413
FAX 617-451-6383
State Prisoner Speed Dial *9004#
County Collect Calls 617-482-4124
www.mcls.net

February 11, 2011

Superintendant Thomas Dickhaut
Deputy Superintendent Anthony Mendonsa
SBCC
PO Box 8000
Shirley, MA. 01464

    Re: <u>Jwainus Perry, W83163</u>

Dear Superintendent Dickhaut and Deputy Mendonsa:

    I am writing with concerns about the segregation placement of Jwainus Perry, W 83163. Because this matter relates to the *Disability Law Center v. Dennehy* lawsuit, I am writing with the consent of the Department of Corrections Legal Division, which has authorized MCLS to write to facility superintendents on matters related to the lawsuit. I enclose appropriate releases for Mr. Perry.

    I understand that Mr. Perry has been held in the Special Management since early December 2011. He reports that he has been diagnosed with Bipolar Disorder and other mental disorders. Despite a classification board recommendation for medium security custody at MCI-Concord (due to an OPBS of 5), he is being held at SBCC. He has been told that he will be held in the SMU until an out of state placement is found for him, which can take many months or longer. Given his reported mental illness, my office is concerned that segregation placement is detrimental to his mental health and his welfare. I urge you to find safe and secure housing for Mr. Jwainus in the general population

    Regardless of Mr. Jwainus' mental health status, it is a violation of the Departmental Segregation Unit (DSU) regulations, 103 CMR 421.00 *et seq.*, to hold a prisoner for more than a brief period of time in the SMU on administrative segregation status without the benefit of a hearing under the DSU regulations. The Supreme Judicial Court has held that any prisoner held in administrative segregation under conditions equivalent to a DSU must be given the benefit of the DSU regulations, including a hearing to determine whether they pose a risk sufficient to justify segregation. *See Haverty v. Commissioner of Correction*, 437 Mass. 737 (2002). The Superior Court recently held that the DSU regulations apply to the SMU at SBCC. *See*

---

[*] Formerly known as Massachusetts Correctional Legal Services

*LaChance v. Clarke*, No. 06-cv-1246, Memorandum of Decision April 5, 2010 (decision attached; denial of qualified immunity currently under appeal).

I enclose Mr. Jwainus' authorizations for release of CORI and evaluative information and I look forward to hearing from you.

Many thanks for your attention to this important matter.

Sincerely,

Bonita Tenneriello
Staff Attorney


cc:     Charles Anderson, Esq.